> An administratrix allowed fixtures of a liquor store of her intestate husband to be sold under a chattel mortgage, and bought in by the bartender, who gave a new chattel mortgage therefor, and also assisted him in procuring a renewal of the lease, which had five months to run, so that he might continue the business. *Held* breaches of the trust which she owed to the decedent's creditors requiring her removal.

In the matter of the estate of Herman Heyen, deceased. Application to revoke letters of administration. Granted.

Henry B. Wesselman, for petitioner.
Eugene C. Gilroy, for administratrix.

THOMAS, S. The application is to revoke the letters of administration granted to the respondent upon the estate of the decedent, who was her husband.

The principal, if not the only, valuable asset of the estate was a retail liquor store, which had been carried on by the decedent, and as to which the decedent had a lease which had about five months to run at the time of his death. The fixtures of the store were subject to a chattel mortgage. The evidence submitted, and on which I am asked to determine the application (a reference having been ordered, but being waived by the parties), satisfies me that the respondent made no bona fide efforts to sell said property; that the chattel mortgage was foreclosed under an arrangement procured or assented to by her, under which a person who had been in her employ as a bartender became the purchaser and executed a new chattel mortgage; that, through her action and procurement, a renewal of the lease was granted to the same person; and that the business is now being carried on by this person in his name, but with her assistance and for her benefit. The lease was an asset of the estate, and the opportunity or advantage for obtaining a renewal of it, which the administratrix had by reason of her occupancy as tenant, was also the property of the estate for which she was acting. The procuring of a renewal to be made, not to herself as administratrix, but to a third person for her own benefit, and the concurring in the other transactions leading up to the ostensible ownership of the business and good-will by such third person, for her own personal advantage, were breaches of the trust duties which she owed to her husband's creditors. Zilkin v. Carhart, 3 Bradf. Sur. 376; Mitchell v. Reed, 61 N. Y. 123, 19 Am. Rep. 252; Id., 84 N. Y. 556. The attempted justification of her acts by the respondent, based upon her necessities, cannot be approved.

As a result I must find that the acts of the respondent constituted misconduct in the execution of her office, and dishonesty, and that by reason thereof she is unfit for the execution of her office, and that the letters of administration issued to her must be revoked. Code Civ. Proc. § 2685, subd. 2.

Application granted.